

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 23, 2018

<u>Via ECF</u>
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United State Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

  Re: *United States* v. *Sayfullo Habibullaevic Saipov*, 17 Cr. 722 (VSB)

Dear Judge Broderick:

  At the pretrial conference on January 23, 2018 (the "January Conference"), the Court directed the parties to file joint status letters every two months, the first of which is due on March 23, 2018. The Court also directed the parties in the first status letter to identify the schedules set in similar death-eligible cases, which may help inform the Court's view of an appropriate trial date in this case. Pursuant to the Court's order, below please find an update from the parties regarding discovery, the production of translations for foreign language discovery, and the Capital Case process.

**I. Discovery and Foreign Language Translations**

  At the January Conference, the Government stated that it had completed Rule 16 discovery and that it did not anticipate any additional Rule 16 discovery. The Government confirms that since the January Conference, it has not produced or identified additional Rule 16 and remains of the view that Rule 16 discovery is complete. The Government also stated at the January Conference that it was in the process of obtaining foreign language translations of portions of the discovery, particularly messages from the defendant's cellphones. Between February 12 and March 7, the Government made five separate productions of foreign language translations, which totaled approximately 1,543 pages of material. The Government has completed its production of foreign language translations and does not anticipate seeking additional translations at this time.

**II. Capital Case Process**

  There is no change to the anticipated schedule of the Capital Case process. As the Court is aware, prior to the January Conference, the Government filed a letter stating that it had requested the defendant's mitigation submission for the Capital Case process within three months. In an

The Honorable Vernon S. Broderick, U.S.D.J.
March 23, 2018
Page 2

effort to balance the public and the defendant's interest in a speedy trial, as well as defense counsel's need to gather information relating to mitigation and to prepare for any potential penalty phase, the Government agreed to extend that deadline for an additional three months until May 2018. After receiving the defendant's mitigation submission, this Office intends to make a timely submission to the Capital Case Unit of the Justice Department's Criminal Division, including a recommendation on whether to seek or not seek the death penalty. The Capital Case Unit will then engage in a review of the parties' submissions, after which the United States Attorney General will make an ultimate determination.

The parties have conferred regarding the schedules of similar death-eligible cases. Recognizing that no two cases are identical, the Government submits that two recent single-defendant, single-incident cases are instructive when considering a schedule in this case: (i) *United States* v. *Tsarnaev*, 13 Cr. 10200 (GAO) (D. Mass.), and (ii) *United States* v. *Roof*, 15 Cr. 472 (RMG) (D.S.C.). In *Tsarnaev*, the defendant was charged in April 2013 for participating in the Boston Marathon bombing. Jury selection in the *Tsarnaev* case commenced on January 15, 2015—approximately 21 months from the defendant's arrest and 18 months from the filing of the indictment. In *Roof*, the defendant was charged for killing and attempting to kill African-American parishioners at a Church in Charleston, South Carolina in June 2015. Jury selection in the *Roof* case commenced on November 28, 2016—approximately 16 months from the defendant's arrest and indictment.[1] Like this case, both *Tsarnaev* and *Roof* involved a single incident with multiple victims in which only one defendant was charged.

Defense counsel has informed the Government that they do not believe *Tsarnaev* or *Roof* are appropriate comparators to this case.[2] The Government also understands that the defendant will be submitting a separate letter updating the Court on defense preparation.

---

[1] *Tsarnaev* and *Roof* both used jury questionnaires. Questionnaires in *Tsarnaev* were distributed on January 5, 2015 and completed by January 8, 2015. *See* 13 Cr. 10200 (GAO), Dkt. No. 930. Questionnaires in *Roof* appear to have been distributed on September 26, 2016 and completed by September 28, 2016. *See* 15 Cr. 472 (RMG), Dkt. No. 178. The length of jury selection in *Tsarnaev* and *Roof* varied significantly. Jury selection in *Tsarnaev* took approximately 6 weeks, whereas jury selection in *Roof* took approximately 1 week.

[2] At the January Conference, defense counsel stated that the *Roof* case is not an appropriate comparator because the defendant largely represented himself during voir dire. The Government disagrees. Roof was represented by counsel throughout almost all of the case, including at the time that the parties (including Roof's counsel) agreed to the proposed schedule. *See* 15 Cr. 472, Dkt. No. 178 (joint proposed schedule). Thus, Roof's decision to represent himself during voir dire had no bearing on the trial schedule set by the parties. *See* 15 Cr. 472, Dkt. No. 741 (opinion describing Roof's *pro se* representation during voir dire, including that after voir dire former counsel was reappointed for the guilt phase of his trial and that Roof was allowed to (again) proceed *pro se* during the sentencing proceeding).

The Honorable Vernon S. Broderick, U.S.D.J.
March 23, 2018
Page 3

### III.     Exclusion of Time

At the January Conference, the Court excluded time pursuant to the Speedy Trial Act until March 30. The parties respectfully request that the Court exclude time under 18 U.S.C. § 3161(h)(7) between March 30 and the date set for filing of the next joint status letter. Excluding time will serve the ends of justice and outweigh the best interests of the public and the defendant in a speedy trial because it will allow the parties to continue the Capital Case process and allow the defendant to continue reviewing discovery and considering potential motions.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

by: _____/s/_____
    Andrew Beaty
    Amanda Houle
    Matthew Laroche
    Assistant United States Attorneys
    (212) 637-2198 / 2194 / 2420

Cc:  Defense Counsel (via ECF)