

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 6, 2019

<u>Via ECF</u>
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United State Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

> **Re:**   *United States v. Sayfullo Habibullaevic Saipov*, S1 17 Cr. 722 (VSB)

Dear Judge Broderick:

We write on behalf of the parties in response to the Court's November 21, 2019 order concerning jury selection and other issues raised at the November 18, 2019 conference.

## Jury Selection

With respect to jury selection, the parties have conferred and provide the following update:

*First*, the parties have conferred and given the timeline of the current schedule, the parties are in agreement that no hardship questionnaire should be used and potential jurors should complete one questionnaire as contemplated by the current schedule.

*Second*, the parties are generally in agreement concerning the schedule for summoning potential jurors to the courthouse, the manner in which the jurors will complete the questionnaire, and the process for striking potential jurors on consent, as outlined in the paragraph beginning "Second" in the Defendant's November Letter.  Dkt. 226, at 2.  Namely, with respect to summoning potential jurors and the completion of questionnaires, the parties propose that (i) potential jurors be summoned to complete the questionnaire during the week of March 2, 2020; (ii) potential jurors will be placed into groups called for each morning and each afternoon session (the size of which will be determined by the Court and Jury Clerk); (iii) upon arrival, each group will be introduced to the parties and receive preliminary instructions; and (iv) potential jurors will then complete the questionnaires under the supervision of Court personnel.  With respect to the review of those questionnaires, the parties propose that on March 30, the parties will submit a list of jurors to be excused on consent, that anyone for whom there is no agreement will remain in the pool, and that during the week of April 6, the parties will appear for a conference at which the Court will rule on those excusals and finalize the venire.

The Honorable Vernon S. Broderick
December 6, 2019
Page 2

*Third*, the parties are in agreement concerning the number of jurors to be questioned at a time, as outlined in the paragraph beginning "Third" in the Defendant's November Letter. More specifically, the parties propose that starting on the first day of trial, April 13, 2020, and continuing each day thereafter until the requisite number of jurors are qualified, the Court summon 10 to 20 jurors to Court per day for voir dire, subject to adjustment as the selection process proceeds.

*Fourth*, the parties are not in agreement concerning the manner of voir dire. The defendant requests attorney-led voir dire, as outlined in the paragraph beginning "Fourth" in the Defendant's November Letter. The Government's position is that voir dire should be conducted by the Court, only.

*Fifth*, the parties agree that at least 70 potential jurors should be qualified, as proposed in the paragraph beginning "Fifth" in the Defendant's November Letter. However, the parties disagree concerning the number of peremptory challenges and the manner by which they will be exercised. With respect to the number of peremptory challenges, the Government's position is that the parties should both receive 20 peremptory challenges as stated in Federal Rule of Criminal Procedure 24(b)(1), and the defendant intends to seek more than 20 peremptory challenges. With respect to exercising peremptory challenges, the defendant reiterates his request that the parties not do so until two days after qualifying 70 potential jurors. The Government submits that a two-day break is unnecessary and that, instead, the parties should exercise their challenges shortly after the 70 potential jurors are qualified.

In light of the outstanding disagreements concerning jury selection, the Government is submitting another letter today addressing (i) whether the parties should be limited to 20 peremptory challenges; (ii) whether voir dire should be conducted by the attorneys, Court, or both; and (iii) the scope of voir dire questioning, including whether jurors should be asked case-specific and/or mitigation-related questions. The Government is also addressing in that letter the timeliness of the defendant's request for Grand Jury materials pursuant to 28 U.S.C. § 1867. The defense seeks permission to file a response to the letter the Government will file today about jury selection and the timeliness of the motion for Grand Jury materials by Tuesday, December 10, 2019.

### Other Issues

With respect to a motion concerning a potential jury issue identified at the November 18, 2019 conference, the parties jointly propose the following schedule: the Government brief due on December 27, 2019, the defendant's opposition due on January 10, 2020, and the Government's reply, if any, due on January 17, 2020.

The parties are conferring about the juror questionnaire. Defense provided a first draft to the Government on November 18; the Government will respond by December 13, 2019; and the parties intend to meet the Court's December 23 deadline.

The Honorable Vernon S. Broderick
December 6, 2019
Page 3

Finally, with respect to the witness-related issues recently raised by the defendant and discussed at the last Court conference, the Government has investigated the information provided by defense counsel, has reported to defense counsel concerning the same, and maintains that law enforcement has acted lawfully and appropriately throughout this case.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____

Amanda Houle
Sidhardha Kamaraju
Matthew Laroche
Jason A. Richman
Assistant United States Attorneys
(212) 637-2194/6523/2420/2589

Cc: Defense Counsel (via ECF)